IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CAUSE NO. 1:22-cv-00322-WO-LPA

MARY A. BARNHILL as Administratrix
of the Estate of KAREN FAYE
ROLLINS BARNHILL                                                     PLAINTIFF

v.

ACCORDIUS HEALTH AT
GREENSBORO, LLC d/b/a ACCORDIUS
HEALTH AT GREENSBORO;
ACCORDIUS HEALTH, LLC                                           DEFENDANTS

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE PLAINTIFF'S EXPERT WITNESS**

**NOW COME** Defendants, Accordius Health at Greensboro, LLC, d/b/a Accordius Health at Greensboro ("Accordius Greensboro"); and Accordius Health, LLC ("Accordius Health"); (hereinafter referred to collectively as the "Defendants"), by and through undersigned counsel, file this Memorandum in Support of Motion to Strike Plaintiff's Expert Witness, and in support thereof state as follows:

**BACKGROUND**

The deadline for Plaintiff to designate expert witnesses was on February 15, 2023, with a discovery deadline of July 15, 2023. *See* Case Management Text Order entered on May 23, 2022. On July 20, 2023, Plaintiff served her Designation of Expert Witnesses and corresponding reports upon counsel for Defendant. Therein, Plaintiff disclosed Kathleen Hill-O'Neill DNP, RN, CRNP, NHA, a registered nurse, as well as Dr. James G. Lowe. *See* Plaintiff's Designation of Expert Witness, ECF No. 30.

1

On May 18, 2022, a Joint Rule 26(f) Report was submitted which set, *inter alia*, deadlines for expert disclosures and designations. *See* Joint Rule 26(f) Report, ECF No. 13. Pursuant to the Joint Rule 26(f) Report, Plaintiff was required to disclose expert witnesses and their reports on February 15, 2023, while Defendants had until April 15, 2023 to designate their expert witnesses. *Id*.

On May 20, 2022, this Court entered Case Management Text Order adopting the dates provided in the Joint Rule 26(f) Report. On May 23, 2022, this Court entered a Docket Text: Scheduling Order with a discovery deadline of July 15, 2023. However, omitted from the Docket Text were the expert witness deadlines provided in the Rule 26(f) report.

On May 4, 2023, parties filed a Joint Motion to Amend or Alter the Scheduling Order to amend the previous dates set forth in the Rule 26(f) report. *See* ECF No. 29. This Court denied the motion to amend stating in a Text Order: "[t]he fact that separate Docket Text (referenced in [29] Joint Motion) did not include those dates does not alter the plain language of the Text Order dated 05/20/2022, which adopted the deadlines proposed by the parties for service of expert reports/disclosure." *See* Text Order May 5, 2023.

## ARGUMENT

The Court should strike the expert reports of Kathleen A. Hill-O'Neill's and Dr. James G. Lowe's and their opinions regarding the alleged breach of the standard of care and causation. Pursuant to Local Uniform Rule 16.1(e) "[t]he initial pretrial order […] based upon a joint Rule 26(f) Report […] shall provide that discovery with respect to experts be conducted within the discovery period established in the case." LR 16.1(e). Further, "[t]he order shall set the date on which disclosure of expert information under Fed. R. Civ. P. 26(a)(2) must be made." *Id.* A party that fails to timely provide expert disclosures "unfairly inhibits its opponent's ability to properly

2

prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Campbell v. United States*, 470 F.App'x 153, 157 (4th Cir. 2012) (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir.2005)). Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure a party who fails to properly designate an expert witness as required by Rule 26(a) may not use the expert "on a motion, at hearing, or at trial, unless the failure was substantially justified or harmless'" Fed. R. Civ. P. 37(c)(1)).

In relevant part, Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F. 3d 592, 595 (4th Cir.2003). Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules,…, rather the nondisclosure must "without substantial justification and harmful." *Id.* at 596. "[A] court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 464 (N.D.Md.2010) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md.1999)

When determining whether a party's failure to timely designate an expert was "substantially justified or harmless," the court looks to: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the explanation would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Campbell v. United States*, 470 F.App'x at 156. It is the burden of the party facing sanction to show that the untimely

3

designation was either substantially justified or harmless. *Id.* (citing *Carr v. Deeds*, 453 F.3d 593 (4th Cir. 2006)).

Rule 26(f)(1), which requires identification of medical experts within certain time periods, was enacted "to provide for the prompt and orderly completion of expert witness discovery in medical malpractice cases so as to avoid delay and surprise." *Briley v. Farabow,* 501 S.E. 2d 649, 652 (1998). If a party fails to identify an expert witness as ordered, the court *shall,* upon motion by the moving party, impose an appropriate sanction, which may include dismissal of the action, entry of default against the defendant, or *exclusion of the testimony of the expert witness at trial. Id.* at 654. By its express language, Rule 26 (f)(1) "plainly mandates that the court impose mandatory sanctions if a party fails to comply with a deadline regarding the designation of experts." *Id.* Court have found no abuse of discretion in granting sanction of exclusion for a 14–day delay in designating expert witness. *In Re Pedestrian Walkway Failure,* 173 N.C.App. 254, 264–65, 618 S.E.2d 796, 803–04 (2005). The imposition of sanctions under Rule 37 "is in the sound discretion of the trial judge and cannot be overturned absent a showing of abuse of that discretion." *Id. (*citing *Bumgarner v. Reneau,* 332 N.C. 624, 631, 422 S.E.2d 686, 690 (1992).

On May 20, 2022, in a Text Order this Court adopted the dates provided in the Joint Rule 26(f) Report. In so doing, Plaintiff was required to provide expert reports under Rule 26(a)(2)(B) and disclosures under Rule 26(a)(2)(c) by February 15, 2023. Yet, Plaintiff did not do so, and provided expert witness report and disclosure on July 20, 2023, five days after the discovery deadline.

Defendants are unfairly prejudiced by such an untimely designation of expert witnesses. This is a complicated medical malpractice lawsuit concerning the standard of care to be provided a nursing home resident, whether the standard of care was breached, and whether said breach

4

caused and/or resulted in the death of Plaintiff's decedent. In waiting over five months to designate her experts and serve their reports, and by further waiting until five days after the discovery deadline to provide said expert discovery, Defendants are left with no opportunity to depose Plaintiff's experts, no ability to designate their own experts to address the opinions of Plaintiff's expert witnesses, and no opportunity to defend themselves. As the Fourth Circuit opined in *Campbell*, a party that fails to timely designate its expert witnesses "unfairly inhibits its opponent's ability to properly prepare." *Campbell*, 470 F. App'x at 157.

Defendants' expert deadline was April 15, 2023. Having received no timely expert designation from Plaintiff, Defendants were not on notice of an alleged breach and/or medical causation opinions to be offered against them. Hence, the retention and disclosure of appropriate experts was not possible. Further, based on the allegations as pled in Plaintiff's Complaint, ECF No. 1-1, ¶¶ 72 – 106, the lack of a timely expert designation, as well as ongoing communications between counsel, it was believed Plaintiff's theory of liability had been disproven as of November 3, 2022. *See* Letter attached hereto as **Exhibit A**. As a result, Plaintiff's new theory of liability as set forth in her July 20, 2023 expert reports both surprised and unfairly prejudiced Defendants in their ability to mount a proper, timely defense.

Furthermore, the Joint Rule 26(f) Report required that all discovery be completed by July 15, 2023; this deadline has now also passed. Plaintiff has alleged medical negligence; "Because the standard of care in a medical malpractice action generally involves specialized knowledge, expert testimony is necessary to establish the applicable standard of care and any corresponding breach." *Atkins v. Mortenson*, 183 N.C. App. 625, 644 S.E.2d 625 (2007). Medical malpractice actions require extensive and costly discovery. This Court stated in its Text Order denying Joint Motion to Amend or Alter Scheduling Order that the Court "has now set a trial date and extending

5

the discovery and dispositive motions deadlines […] would not leave sufficient time for the Court to resolve summary judgment motions in advance of the final pretrial filing dates set in [27] Notice." *See* Text Order.

Plaintiff, by waiting some five months past her deadline to designate experts, and further by waiting until five days after the discovery deadline, has left Defendants with no opportunity to timely defend themselves and mount a proper defense. In order for Defendants to be afforded the opportunity to depose Plaintiff's expert witnesses, designate experts of their own, and file a dispositive motion, the current case management order would have to be amended and the trial date postponed. This Court made it abundantly clear in its Text Order Denying Joint motion to Amend or Alter Scheduling order that it would not be altering set deadlines. Thus, because of Plaintiff's untimely expert designations and reports, Defendants are severely prejudiced and left without any opportunity to conduct additional discovery, depose Plaintiff's expert witness, and provide adequate expert reports of their own.

## **CONCLUSION**

The Court should strike the reports of Ms. Kathleen Hill –O'Neill and James G. Lowe and preclude them from testifying as expert witnesses pursuant to the agreed upon Rule 26 (f) Report.

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request the Court grant their Motion to Strike Opinions of Plaintiff's Expert Witness. Defendants further request any other relief the Court deems just and appropriate.

Respectfully submitted, this the 8th day of August, 2023.

**ACCORDIUS HEALTH AT GREENSBORO, LLC, d/b/a ACCORDIUS HEALTH AT GREENSBORO; ACCORDIUS HEALTH, LLC; GREENSBORO TWO PROPCO, LLC,**

HAGWOOD AND TIPTON, PC

By: /s/ Michael E. Phillips
    Michael E. Phillips (NCSB No. 45198)

Hagwood and Tipton PC
2015 Ayrsley Town Boulevard, Suite 202
Charlotte, NC   28273
Telephone:   (704) 280-8562
Facsimile:   (601) 362-3642
Email: mphillips@hatlawfirm.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

\_\_\_\_ Hand delivering a copy hereof to the attorney for each said party addressed as follows:

\_\_\_\_ Depositing a copy hereof, postage paid, in the United States Mail, addressed to the attorney for each said party as follows:

__X__ Via electronic mail addressed to the attorney for each party as follows:

\_\_\_\_ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

\_\_\_\_ Telecopying a copy hereof to the attorney for each said party as follows:

Elizabeth C. Todd, Esq. (NC Bar No. 23156)
Law Offices of James Scott Farrin
280 South Mangum St., Ste. 400
Durham, North Carolina 27701
Tel: (800) 220-7321
Fax: (800) 716-7881
etodd@farrin.com
   *Attorneys for Plaintiff*

This, the 8th day of August, 2023.

　　　　　　　　　　　　　　　　　　　*/s/ Michael E. Phillips*
　　　　　　　　　　　　　　　　　　　Michael E. Phillips